UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

WILLIAM PHILLIPS,                          :

        Petitioner,                    :     05 Civ. 7974 (PAC)

- against -                                :     MEMORANDUM DECISION AND
                                                 ORDER
                                           :

DALE ARTUS,                                :

        Respondent.                    :

                                           :
------------------------------------x

        HONORABLE PAUL A. CROTTY, United States District Judge:

**INTRODUCTION**

        William Phillips ("William" or "Petitioner"), represented by counsel, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Phillips challenges his adjudication and sentence as a persistent felony offender in New York State Supreme Court, New York County. Following a jury trial, Phillips was convicted of one count of robbery in the second degree (N.Y. Penal Law § 160.10(1)). Phillips was sentenced as a persistent felony offender to a term of imprisonment of 16 years to life. Phillips is currently incarcerated at Clinton Correctional Facility pursuant to a January 13, 2000 judgment of conviction. Phillips contends that his sentence was improperly enhanced by factors not considered by the jury in violation of Blakely v. Washington, 542 U.S. 296 (2004), Ring v. Arizona, 536 U.S. 584 (2002), and Apprendi v. New Jersey, 530 U.S. 466 (2002). The Second Circuit has already considered similar arguments in Brown v. Miller, 05-5014, 2006 U.S. App. LEXIS 13967 (2d Cir. June 7,

1

2006), and rejected them.  For that reason and the reasons stated below, the Court denies Phillips's petition.

**PROCEDURAL BACKGROUND**

    **A.    Conviction, Direct Appeal, and Collateral Review**

On March 13, 1999, Phillips and another man robbed the manager of a magazine store in midtown Manhattan (Respondent's Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus ("Resp.'s Mem."), at 2).  Phillips was apprehended by the police and charged with one count of second-degree robbery (id.).  Phillips was tried beginning on October 26, 1999 before Honorable Joan Sudolnik of the Supreme Court, New York County, and a jury, (id.,) and the jury convicted him of the charge (id. at 3).

On December 6, 1999, prior to Phillips's sentencing by the court, Respondent submitted a pre-sentence statement detailing Phillips's previous offenses and history of incarceration (id. (Appendix ("App.") to Petitioner's Memorandum of Law in Support of Habeas Petition ("Petr.'s Mem."), at 1-10)).  Respondent argued that Petitioner's prior offenses and criminal history rendered him a discretionary persistent felony offender and that his sentence should reflect this status (id. (App. at 3-9)).  Phillips had six prior felony offenses (Resp.'s Mem. at 5).

On January 4, 2000, the court held a hearing on Respondent's application and, on January 13, 2000, the court conducted a sentencing hearing at which time it found that Phillips should be sentenced under the law as a persistent felony offender (id. at 4-5).  The court sentenced Petitioner to an indeterminate term of imprisonment of sixteen years to life (id. at 5).  The maximum sentence Phillips could have received based solely on the charge of conviction was a determinate term of 15 years' imprisonment (id. at 11).

Phillips, represented by counsel, appealed and asserted, among other arguments, that his sentence under New York's discretionary felony offender statute deprived him of his right to a jury trial under the Sixth Amendment (id. at 8; Resp.'s Decl. Opp. Pet. Writ Habeas ("Resp.'s Decl.") Exs. A, C). Phillips relied on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Ring v. Arizona, 536 U.S. 584 (2002) (Resp.'s Mem. at 9; Resp.'s Decl. Ex. C). In May 2003, before the appeal had been fully briefed, Phillips through counsel also filed a motion for re-sentencing pursuant to New York Criminal Procedure Law § 440.20, advancing the same argument (Resp.'s Mem. at 9; Resp.'s Decl. Ex. D). On June 25, 2003, the Supreme Court, New York County, denied Phillips's § 440.20 motion (Resp.'s Decl. Ex. F). The court relied on the New York Court of Appeals case of People v. Rosen, which upheld the constitutionality of the New York's persistent felony offender statute under Apprendi. 96 N.Y.2d 329, 333-36 (2001).

Phillips sought leave to appeal the denial of his § 440.20 motion (Petr.'s Mem. Ex. G), which the Appellate Division granted (Petr.'s Mem. Ex. I). On December 18, 2003, the Appellate Division, First Department, unanimously affirmed both Phillips's conviction and the denial of his § 440.20 motion (Petr.'s Mem. Ex. L). People v. Phillips, 2 A.D.3d 768 (1st Dep't 2003). Phillips, through counsel, sought leave to appeal the Appellate Division's decision, which the Court of Appeals ultimately denied on September 30, 2004. People v. Phillips, 3 N.Y.3d 710 (2004).

B.   **Federal Habeas Petition**

Phillips, through counsel, filed the instant petition for a writ of habeas corpus on September 14, 2005. Phillips principally raises the same sentencing claim that he raised on direct appeal and in his state post-conviction motion. (See Petition ("Pet.").) On January 24, 2006,

Respondent submitted a declaration and memorandum of law in opposition to the Petition. Phillips filed a reply memorandum of law on February 8, 2006.

Phillips's petition is timely as the New York Court of Appeals denied leave to appeal on June 24, 2004 and on September 30, 2004 and his conviction became final 90 days following the latter date (i.e., on December 29, 2004). Pursuant to 28 U.S.C. § 2244(d)(1)(A), Phillips had one year from that date, or until December 29, 2005, to file his petition; the docket report indicates that Phillips filed the Petition on September 14, 2005. Moreover, Phillips exhausted his sole sentencing claim as he raised federal constitutional issues both on direct appeal to the Appellate Division and in his § 440.20 motion to the Supreme Court, New York County and then sought further review from those denials.

**APPLICABLE LAW**

    **A.    Federal Habeas Standard of Review**

A state prisoner may seek federal habeas review "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court "has repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." Bradshaw v. Richey, __ U.S. __, 126 S. Ct. 602, 604 (2005) (citation omitted). Federal relief is available only when a petitioner demonstrates that the conviction resulted from a state court decision that violated federal law. Estelle v. McGuire, 502 U.S. 62, 68 (1991) (citations omitted).

Moreover, a petition for a write of habeas corpus may not be granted with respect to any claim that has been "adjudicated on the merits" in a state court unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable
determination of the facts in light of the evidence presented in the
State court proceeding.

28 U.S.C. § 2254(d). "The phrase 'clearly established Federal law, as determined by Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decisions." Policano v. Herbert, 430 F.3d 82, 86 (2d Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In addition, "a rule is 'clearly established' within the meaning of § 2254(d)(1) when it 'would qualify as an old rule' under Teague v. Lane, 489 U.S. 288 (1989) . . ., subject to the qualification that [that section] 'restricts the source of clearly established law to [the Supreme] Court's jurisprudence.'" Francis v. Stone, 221 F.3d 100, 108 (2d Cir. 2000) (citing William v. Taylor, 529 U.S. at 412).

In addition,

[u]nder the 'contrary to' clause, a federal habeas court may grant
the writ if the state court arrives at a conclusion opposite to that
reached by [the Supreme] Court on a question of law or if the state
court decides a case differently than [the Supreme] Court has on a
set of materially indistinguishable facts. Under the "unreasonable
application" clause, a federal habeas court may grant the writ if the
state court identifies the correct governing legal principle from [the
Supreme] Court's decisions but unreasonably applies that principle
to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. at 412-13.

### B. New York State's Persistent Felony Offender Statute

New York law provides for two categories of persistent felony offenders: persistent violent felony offenders and persistent felony offenders. New York Penal Law

5

§ 70.08 defines persistent violent felony offenders as persons convicted of a violent felony after two prior convictions for violent felonies. N.Y. Penal Law § 70.08. By contrast, subject to a number of conditions and exceptions, New York Penal Law § 70.10 defines persistent felony offenders as persons, "other than . . . persistent violent felony offender[s] . . ., who stand[] convicted of a felony after having previously been convicted of two or more felonies." N.Y. Penal Law § 70.10.[1] Under New York Penal Law § 70.10, Phillips received a longer sentence

---

[1] New York Penal Law § 70.10 states as follows:
1. Definition of persistent felony offender.
   (a) A persistent felony offender is a person, other than a persistent violent felony offender as defined in section 70.08, who stands convicted of a felony after having previously been convicted of two or more felonies, as provided in paragraphs (b) and (c) of this subdivision.

   (b) A previous felony conviction within the meaning of paragraph (a) of this subdivision is a conviction of a felony in this state, or of a crime in any other jurisdiction, provided:
   (i) that a sentence to a term of imprisonment in excess of one year, or a sentence to death, was imposed therefor; and
   (ii) that the defendant was imprisoned under sentence for such conviction prior to the commission of the present felony; and
   (iii) that the defendant was not pardoned on the ground of innocence; and
   (iv) that such conviction was for a felony offense other than persistent sexual abuse, as defined in section 130.53 of this chapter.

   (c) For the purpose of determining whether a person has two or more previous felony convictions, two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction.

2. Authorized sentence. When the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent felony offender, and when it is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and life-time supervision will best serve the public interest, the court, in lieu of imposing the sentence of imprisonment authorized by section 70.00, 70.02, 70.04 or 70.06 for crimes of which such person presently stands convicted, may impose the sentence of imprisonment authorized by that section for a class A-I felony. In such event the reasons for the court's opinion shall be set forth in the record.

than New York law would otherwise have permitted. Compare N.Y. Penal Law § 70.00(2)(C) (providing that the maximum sentence for a class C felony (such as robbery in the second degree defined in New York Penal Law § 160.10(1)) is fifteen years imprisonment), with, N.Y. Penal Law § 70.10 (providing that when a court finds that a person is a persistent felony offender, the court may impose the sentence of imprisonment authorized for a class A-I felony, which is an indeterminate term of sixteen years to life imprisonment).

## III. ANALYSIS

### A. Apprendi and Post-Apprendi Cases

In Apprendi v. New Jersey, the Supreme Court invalidated a state provision that enhanced the sentence of an offender upon judicial fact-finding by a preponderance of the evidence. 530 U.S. at 490-91.[2] The Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Phillips relies on two other post-Apprendi cases – Ring v. Arizona, 536 U.S. at 584, and Blakely v. Washington, 542 U.S. at 296 (see Petr.'s Mem. at 7-14).

In Ring v. Arizona, the Supreme Court considered the Sixth Amendment right to a jury trial in capital prosecutions. 536 U.S. at 588; see also id. at 597 ("The question presented is

---

[2] The Apprendi Court explained as follows:
> The New Jersey statutory scheme that [defendant] asks us to invalidate allows a jury to convict a defendant of a second-degree offense based on its finding beyond a reasonable doubt that he unlawfully possessed a prohibited weapon; after a subsequent and separate proceeding, it then allows a judge to impose punishment identical to that New Jersey provides for crimes of the first degree . . . , based upon the judge's finding, by a preponderance of the evidence, that the defendant's "purpose" for unlawfully possessing the weapon was "to intimidate" his victim on the basis of a particular characteristic the victim possessed.

Apprendi v. New Jersey, 530 U.S. at 491.

7

whether the aggravating factor may be found by the judge, as Arizona law specifies, or whether the Sixth Amendment's jury trial guarantee, made applicable to the States by the Fourteenth Amendment, requires that the aggravating factor determination be entrusted to the jury."). The Court invalidated Arizona's sentencing scheme finding that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." Id. at 589; see also id. at 609 (overruling prior precedent "to the extent that it allows a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty".).

Finally, in Blakely v. Washington the defendant pleaded guilty to kidnaping and the facts admitted in his plea, standing alone, supported a maximum sentence of 53 months. 542 U.S. at 298. "Pursuant to state law, the court imposed an 'exceptional' sentence of 90 months after making a judicial determination that [the defendant] acted with 'deliberate cruelty.'" Id. Applying the rule in Apprendi, id., at 301, the Court set aside the sentence, stating that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Id. at 303 (citations omitted).

### B. Apprendi and New York's Persistent Felony Offender Statute

Phillips argues that his enhanced sentence, imposed pursuant to New York's persistent felony offender statute, violated his Sixth Amendment rights because it was based in part on facts not submitted to the jury and not proved beyond a reasonable doubt (see Pet. ¶ 12(A) (sole ground claimed); Petr.'s Mem. at 7-14). With regard to the state court proceedings, Phillips advanced this claim before the Appellate Division on direct appeal (Resp.'s Decl. Exs. A & C), before the trial court in his § 440.20 motion to vacate the judgment (id. Ex. D), before the

8

Appellate Division appealing the denial of his § 440.20 motion (id. Ex. J), and his application seeking leave to appeal to the Court of Appeals (id. Ex. M). The state courts rejected Phillips's Apprendi claim in every instance determining that the enhanced sentence was based on prior convictions, as permitted by Apprendi (Petr.'s Mem. at A51-52; id. at A62-63).

Phillips does not dispute that he had more than two previous felony convictions prior to the conviction in the proceeding, which gave rise to the instant habeas petition (see Petr.'s Mem. at 4-5). Phillips does not contend that any of those convictions were unconstitutional in any way (see Petr.'s Mem). Moreover, Phillips does not argue that – other than with regard to Apprendi error – the trial court improperly sentenced him as a persistent felony offender (id.).

The Second Circuit has considered Apprendi challenges to New York's persistent felony offender statute – in Brown v. Greiner, 409 F.3d 523 (2d Cir. 2005), cert. denied, 126 S. Ct. 1566 (2006), and most recently in Brown v. Miller, 05-5014, 2006 U.S. App. LEXIS 13967 (2d Cir. June 7, 2006). In Brown v. Greiner, the Second Circuit noted that the Apprendi rule stated that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 409 F.3d at 531 (citing Apprendi, 530 U.S. at 490) (emphasis added). The Court noted that "prior convictions function as a sentencing factor, rather than a statutory element, and therefore do not need to be alleged in the indictment." Id. at 531.

The Brown v. Greiner court stated that § 70.10's first determination of whether a felony offender has two predicate felony convictions "clearly falls within Apprendi's 'fact of prior conviction' exception." Id. at 534 (citing Apprendi, 530 U.S. at 488-90). With regard to the second determination, the Second Circuit stated as follows:

9

> we do not believe the [New York] Court of Appeals applied
> Apprendi unreasonably in distinguishing this judicial finding from
> the type of fact-finding at issue in Apprendi. The fact at issue in
> Apprendi was whether the defendant's crime, was committed "with
> a purpose to intimidate . . . because of race, color, gender,
> handicap, religion, sexual orientation or ethnicity. [Apprendi, 530
> U.S.] at 468-69 (internal quotation marks omitted). This fact was
> specifically enumerated in the statute as an essential element, or
> functional equivalent, that was necessary to sentence a defendant at
> the increased level. . . .
>     The second determination to be made under New York's
> persistent felony offender statute is of a very different sort. It is a
> vague, amorphous assessment of whether, in the court's "opinion,"
> "extended incarceration and life-time supervision" of the defendant
> "will best serve the public interest." See N.Y. Penal Law §
> 70.10(2). The New York Court of Appeals considered this
> exercise to be something quite different from the precise finding of
> a specific fact . . . . The court stressed that unlike the specific
> exposure to the enhanced sentence (and which is expressly
> excluded by the Supreme Court from the Apprendi rule), the other
> factor that determines whether the defendant will receive an
> enhanced sentence involves the sentencing court's fulfillment of
> "its traditional role – giving due consideration to agreed-upon
> factors – in determining an appropriate sentence within the
> permissible statutory range. We cannot say the New York Court of
> Appeals unreasonably applied Apprendi when it concluded that
> this second determination is something quite different from the
> fact-finding addressed in Apprendi and its predecessors.

409 F.3d at 534-35. The Second Circuit, thus, concluded that "[i]t was not unreasonable for the Court of Appeals to conclude that such determinations regarding the defendant's history, character, and offense fall into a different category from the essential statutory elements of heightened sentencing, or functional equivalents thereof, that were addressed by the Supreme Court's Apprendi ruling." Id. at 535.

Earlier this month, in Brown v. Miller, the Second Circuit considered "whether, in sentencing [a petitioner] as a persistent felony offender pursuant to [§ 70.10], the state court unreasonably applied Ring and the cases that preceded it, as understood at the time." 2006 U.S.

10

App. LEXIS 13967, at *7.[3] The court concluded that "Ring [did not] expound[] upon the rule of Apprendi so as to make [its] reasoning in Brown [v. Greiner] inapplicable." Id. at *11.[4] The court held that "the state court did not unreasonably apply Ring in sentencing [the petitioner] as a persistent felony offender." Id. at *14.

Phillips also argues that the Supreme Court in Blakely "made a bright line rule adopted in Apprendi and further elucidated in Ring even brighter." (Petr.'s Mem. at 9.) In particular, Phillips points to the Court's statement in Blakely that:

> Whether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in Apprendi), one of several specified facts (as in Ring), or any aggravating fact (as here), it remains the case that the jury's verdict alone does not authorize the

---

[3] In Brown v. Miller, the petitioner's conviction became final after Ring was decided, but before the Supreme Court's rulings in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2205). 2006 U.S. App. LEXIS 13967, at *7 n.1. In Phillips's case, his conviction became final after Blakely was decided. "The universe of 'clearly established Federal law, as determined by the Supreme Court of the United States' for the purposes of this appeal" extends therefore to Blakely and the cases that preceded it. Brown v. Greiner, 409 F.3d at 534 n.3. However, the Court concludes that with regard to the issue at bar "[t]he state of the law, as determined by the Supreme Court, did not materially change" from the issuance of Ring to the issuance of Blakely. Id.; see also Alston v. Woods, 04 Civ. 8017, 2005 U.S. Dist. LEXIS 31466, at *15 (S.D.N.Y. Dec. 8, 2005) (rejecting claim raised under Apprendi, Ring, and Blakely and recommending denial of habeas petition).

[4] The Second Circuit in considering whether Ring expounded on or changed the Apprendi rule stated as follows:
> Ring did not expound upon the rule announced in Apprendi in a way that is significant to the disposition of this case. Both Ring and Apprendi involved statutes that required judges to find specified facts (i.e., judicial factfinding of an element of the crime) in order to impose an enhanced sentence, not the kind of "amorphous" determination required by the New York's statute (i.e., a determination of the appropriateness of enhanced sentencing). We do not agree with Brown that the fact that the statute at issue in Ring required judges to find one of several specified facts, rather than a single specified fact as did the statute at issue in Apprendi, materially distinguishes the two cases. Nor does the fact that the statute at issue in Ring required judges to determine that no mitigating circumstances were substantial enough to call for leniency materially change the analysis. Each case involved a statute that required the sentencing judge to find some specified fact before imposing an enhanced sentence. The reasoning of Brown [v. Greiner] – that the state court did not unreasonably apply Apprendi in distinguishing the kind of specific factfinding at issue in that case from the more general assessment required by the New York statute – therefore applies here.

Brown v. Miller, 2006 U.S. App. LEXIS 13967, at **13-14.

11

>sentence. The judge acquires that authority only upon finding
>some additional fact.

Blakely, 542 U.S. at 305. Blakely, however, did not materially change the analysis regarding judicial factfinding from that of Apprendi or Ring. See Brown v. Miller, 2006 U.S. App. LEXIS 13967, at *13. Given that the Second Circuit has held that it was not unreasonable for the New York Court of Appeals to conclude that § 70.10 does not run afoul of Apprendi – or Ring – there is nothing in Blakely that would change that conclusion.

The Second Circuit has established that New York's persistent felony offender statute is constitutional and does not violate the Sixth Amendment as applied in Apprendi or Ring. See supra discussion of Brown v. Greiner. Other courts have applied this precedent. See, e.g., Stokes v. Artus, 05 Civ. 1975, 2006 U.S. Dist. LEXIS 40165, at **8-9 (S.D.N.Y. June 14, 2006) (rejecting Apprendi and Ring claims and denying habeas petition); Alston v. Woods, 04 Civ. 8017, 2005 U.S. Dist. LEXIS 31466, at *15 (S.D.N.Y. Dec. 8, 2005) (rejecting Apprendi, Ring, and Blakely claim and recommending denial of habeas petition); see also Hernandez v. Conway, 03 Civ. 535, 2005 U.S. Dist. LEXIS 13663, at **3-4 (S.D.N.Y. July 7, 2005) (rejecting Apprendi claim and denying habeas petition); Besser v. Walsh, 02 Civ. 6775, 2005 U.S. Dist. LEXIS 10862, at **1-2 (S.D.N.Y. June 6, 2005) (recommending denial of habeas petition).

## CONCLUSION

For the foregoing reasons, Phillips's petition is denied. Phillips has not made a substantial showing of the denial of a constitutional right, and the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); see also Jackson v. Albany Appeal Bureau Unit, 442 F.3d 51, 53-54 (2d Cir. 2006). The Court certifies that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED

PAUL A. CROTTY
United States District Judge

Dated:  New York, New York
        June 30, 2006

Copies Mailed To:

Martin M. Lucente
The Legal Aid Society
Criminal Appeals Bureau
199 Water Street
5th Floor
New York, NY 10038

Malancha Chanda (MC 5497)
Assistant Attorney General
120 Broadway, 22nd Floor
New York, New York 10271